OPINION
Jon Saulnier, age seventeen, entered pleas of guilty to charges of complicity to commit rape, aggravated burglary, and aggravated robbery (two counts) in the Common Pleas Court, General Division after the charges had been transferred from the Juvenile Court to the Common Pleas Court. Saulnier was sentenced to an aggregate term of twenty-eight years imprisonment and was determined to be a sexual predator.
It is the determination that Saulnier is a sexual predator that gives rise to the two assignments of error advanced in this appeal.
 1. THE FINDING THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 The trial court considered the testimony of Michael Hurt of the Montgomery County Adult Probation Department, The H.B. 180 form completed by Hurt, the presentence investigation prepared in connection with the sentencing of Saulnier, and a forensic evaluation prepared by D. Susan Perry Dyer, Psy.D., a forensic psychologist. Essentially, this assignment of error contends that the trial court's implicit determination that the State established by clear and convincing evidence that Saulnier is a sexual predator is against the manifest weight of the evidence.
Saulnier makes a number of observations in support of this argument. He first points to the fact that he has no prior criminal history of sexual offenses. While this is true, Dr. Dyer reports that "the psychological literature on risk assessment with juvenile sex offenders is quite limited. Overall, the one factor that is consistently shown to have a relationship to re-offense is juvenile delinquency." Dr. Dyer goes on to report that "(r)esearch in both the area of juvenile and adult sexual offending indicates that previous criminal history is a risk factor for sexual re-offense. In Mr. Saulnier's case, he has a lengthy juvenile record wherein he reports multiple probation violations, a drug arrest conviction, a Receiving Stolen Property conviction, Runaway, and Failure to Appear."
Saulnier next observes that Hurt made no distinction between the offenses of rape and complicity to commit rape. Although Saulnier at the time of the preparation of the presentence report denied actually raping the female victim, the PSI reveals that at the time of his arrest by the sheriff, he did admit actually raping the female victim. Saulnier observes that Hurt made no distinction between intimidation and torture. While it is true that the female victim was not injured beyond being raped, it must be noted that the sexual assaults upon the female victim occurred toward the end of an approximately two-hour home invasion by three intruders, including Saulnier, during which time the female victim and her husband were threatened by the intruders, at least two of whom carried weapons: a gun and a knife. We have no doubt that the trial court understood that the female victim and her husband were intimidated, but not tortured.
Finally, Saulnier observes that the sexual assaults appear to have been spontaneous and an afterthought. Saulnier does not suggest how this lessens the gravity of the offenses or minimizes their importance in the determination of whether he is a sexual predator.
Going beyond Saulnier's contentions, Dr. Dyer pointed to a number of factors which, in her professional opinion, pointed toward a risk of recidivism. Based on her interview with Saulnier, she stated that "he began using marijuana at age twelve or thirteen and got alcohol from his father even younger. . . . He states that he has been in trouble with the law due to a substance abuse. He reports that at the time of the instant offense he was using alcohol on a daily basis and pills to supplement his alcohol. He states that he has had multiple treatment episodes as a juvenile. . . ."
Dr. Dyer also reported that on the Juvenile Sex Offender Assessment Protocol (JSOAP), "Mr. Saulnier's Full Scale Score is much closer to the High Risk and Sexual Re-offense criterion groups. His score on Factor I is lower than those who sexually re-offend, and on Factor II is higher. His score on Factor III matches those who sexually re-offend, and on Factor IV, also matches. It thus appears that Mr. Saulnier's scores portray him as a Moderate to High Risk for recidivism."
Dr. Dyer conceded that there is disagreement in the adult sex offender recidivism research regarding whether violence in the commission of a sex offense is related to recidivism but, in Dr. Dyer's opinion, violence is related to recidivism. In this regard, she observed that Saulnier and the other intruders used a gun and a knife to intimidate and coerce the victims. Dr. Dyer also noted that Saulnier's current age of seventeen is in an age range that is "statistically at higher risk for recidivism according to sex offender research. The highest category of risk is among offenders who are between their late teens and mid-twenties." Dr. Dyer also opined that the offense of rape itself is indicative of a high risk of recidivism.
Dr. Dyer also considered Saulnier's frequent non-compliance with probation requirements. Relating what Saulnier had stated to her, she reports that he estimated that he had been "violated" on twenty different occasions, i.e., charged with probation violations on twenty different occasions. Finally, she stated that Saulnier's clinical presentation demonstrates a number of characteristics suggestive of adult anti-social personality disorder, although this diagnosis as such may not be made until Saulnier is eighteen. She reported that it is known that "(this) diagnosis can somewhat increase risk for recidivism both for general and sexual recidivism."
Having considered the evidence before the court on the question of whether Saulnier is a sexual predator, we believe that the trial court acted well within its discretion in determining that there was clear and convincing evidence that Saulnier was a sexual predator, and the first assignment of error is overruled.
 2. THE STANDARDLESS PREPARATION OF THE HOUSE BILL 180 SCREENING INSTRUMENT IN THIS CASE DENIED APPELLANT EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 During his testimony, Hurt conceded that on similar cases different probation officers might make different recommendations as to whether an offender should be classified as a sexual predator. Saulnier contends that this creates a violation of his right to equal protection under the law. The State contends that we need not consider this assignment of error because the equal protection issue was not raised by Saulnier in the trial court. Secondly, the State argues that we should not consider this assignment of error because it is not outcome determinative.
We agree with the State that at least in this case the fact that different probation officers on similar facts might make different recommendations is not outcome determinative because it is clear that the trial court placed its greatest emphasis upon its knowledge of the facts from the lengthy proceeding during which Saulnier and a co-defendant entered pleas of guilty, the information contained in the pre-sentence investigation, and the forensic report of the psychologist, Dr. Dyer.
We believe that it is appropriate to comment briefly on this assignment of error. First of all, it appears to be clear that the R.C. 2950.09(B)(2) factors, upon which the H.B. 180 instrument is based, are to be judged for equal protection purposes under the rational basis standard, pursuant to which substantial deference is accorded the judgment of the legislature. Second, it would appear that despite the fact that a similar case might prompt differing recommendations from different probation officers, the factors nevertheless promote consistency more than they hinder consistency. As a practical matter, no two cases are ever exactly alike in either the particulars of the offense or the particular circumstances of the defendant, and perfect consistency is impossible where discretionary judgments must be made by the participants in the decisional process. Finally, it must be borne in mind that it is the trial court, not the probation department, that is the ultimate decision maker on the question of whether a person is to be determined to be a sexual predator.
Indeed, perfect consistency is beyond the reach of the equal protection clause. As the court indicated in State v. Williams (2000),88 Ohio St.3d 513 at 530, "the clause has never been thought to require equal treatment of all persons despite differing circumstances," quotingHarper v. Virginia State Bd. of Elections (1966), 383 U.S. 663. In our judgment, Saulnier has not demonstrated an equal protection violation, and the second assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.